United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD THOMAS DRAKOS, II, (SPN #01715680), | § § § | |
| *Plaintiff*, | § § § | |
| vs. | § | CIVIL ACTION NO. H-24-3659 |
| CITY OF MEADOWS PLACE, *et al.*, | § § § § | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Former state pretrial detainee Ronald Thomas Drakos, II, filed a complaint in Texas state court against defendants the City of Meadows Place, the Meadows Place Police Department, Meadows Place Police Commissioner John Doe, Meadows Place Police Chief John Doe, Meadows Place Police Officer Jane Doe, Meadows Place Police Officers John Doe #1 & 2, Sergeant William Nix, and Officer Byron Johnson. (Dkt. 1-1). He later filed a first amended complaint, (Dkt. 1-2), and a first supplemental complaint. (Dkt. 1-5). The City of Meadows Place removed this action to this Court. (Dkts. 1). The Court subsequently granted judgment on the pleadings in part, dismissing Drakos's claims against the City of Meadows Place, the City of Meadows Place Police Department, his state-law claims against the individual defendants, and his federal-law claims against the individual defendants in their official capacities. (Dkt. 19). The only remaining claims are Drakos's

federal-law claims against the individual defendants in their individual capacities. (Dkt. 21).

The state-court docket shows that Drakos had not obtained service of process on any of the individual defendants before this action was removed to this Court. (Dkt. 1-7). After the action was removed to the Court and after his claims against the served defendants had been dismissed, Drakos asked the Court to order the United States Marshal Service to serve process on the individual defendants at no cost to him. (Dkt. 20). The Court granted the motion, conditioned on Drakos filing a properly supported motion to proceed *in forma pauperis* showing that he was entitled to such service at no cost under Federal Rule of Civil Procedure 4(c)(3). (Dkt. 21). The Court also ordered Drakos to complete a summons form and a USM-285 form for each individual defendant he wished to serve. (*Id.* at 5). The Court provided Drakos with the appropriate number of blank summons forms and blank USM-285 forms for his use. (Id.). The Court also warned Drakos that failing to fully comply with the Order could result in the dismissal of this action without further notice. (*Id.*).

Drakos filed a timely motion to proceed *in forma pauperis*, along with completed summonses for three of the seven individual defendants. (Dkt. 22). But he did not provide a completed USM-285 form for any of the individual defendants. (Dkt. 22-1). On May 8, 2025, the Court granted Drakos's motion to proceed *in*

*forma pauperis*. (Dkt. 23). The Court also extended the time for Drakos to provide the completed USM-285 forms until May 30, 2025. (*Id.* at 3-4). The Court again warned Drakos that failing to comply as ordered by the deadline would result in dismissal without further notice. (*Id.* at 4).

To date, Drakos has not complied with the Court's May 8 Order, and his time to do so has now expired. Drakos's failure to comply with the Court's order forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1. Drakos's action against the individual defendants is **DISMISSED** without prejudice for want of prosecution.

2. Any pending motions are **DENIED as moot**.

3. Drakos is advised that upon a showing of good cause for failing to comply with the Court's May 8 Order, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be accompanied by a completed USM-285 form for each individual defendant

that Drakos wishes to have served.

The Clerk's Office shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas on _____June 30_____, 2025.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE